James H. MURUNGI, Plaintiff–
Appellant,

v.

TEXAS GUARANTEED; Sallie Mae,
Incorporated, Defendants–
Appellees.

No. 10–30238
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 2010.

James H. Murungi, Mandeville, LA, pro se.

Jonathan M. Herman, Middleberg, Riddle & Gianna, Dallas, TX, Darrin Louis Forte, Esq., Kevin Frank Truxillo, Garrison, Yount, Forte & Mulcahy, L.L.C., New Orleans, LA, for Defendants–Appellees.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

James H. Murungi, proceeding pro se, appeals the district court's dismissal of his Higher Education Act of 1965 (HEA) and state law fraud claims against both defendants, as well as the dismissal of his Fair Debt Collection Practices Act (FDCPA) claim against Sallie Mae. He also challenges the district court's grant of summary judgment on his state law intentional infliction of emotional distress (IIED) claims against both defendants, as well as his FDCPA claim against Texas Guaranteed. We affirm.

## I

Murungi consolidated several student loans with Sallie Mae in 1994. Soon thereafter, Sallie Mae entered a guaranty agreement with Texas Guaranteed, under which Texas Guaranteed promised to reimburse Sallie Mae for any losses arising from default on the loan. When Murungi defaulted, Sallie Mae filed a claim for reimbursement with Texas Guaranteed. After Texas Guaranteed paid the claim, it sought to collect from Murungi. But when Murungi failed to arrange a payment plan, Texas Guaranteed initiated administrative wage garnishment proceedings.

Murungi then sued Sallie Mae and Texas Guaranteed, alleging violations of the HEA and FDCPA. He also brought state law claims for defamation, IIED, and fraud. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court dismissed the HEA claims against both defendants and the FDCPA claim against Sallie Mae. The district court also dismissed the state law fraud claims against both defendants for failing to allege fraud with particularity as required by Federal Rule of Civil Procedure (9)(b). Finally, the district court granted summary judgment for both defendants on the defamation and IIED claims, and for Texas Guaranteed on the FDCPA claim. This appeal followed.

## II

■ We begin by noting that when a litigant fails to raise an issue or to provide any citations to the record or case law concerning an issue, the issue is waived as inadequately briefed.[1] Murungi does not raise the defamation claim in his brief, and although he purports to appeal the dismissal of his FDCPA claim against Sallie Mae, he does not advance any reasoning as to why the dismissal should not stand. Accordingly, these issues have been waived. Murungi also fails to address adequately his HEA claims on appeal. Even if he did, however, we agree with the district court that the HEA does not provide a private right of action.[2]

We next turn to Murungi's challenge to the district court's dismissal of his fraud claims, which we review de novo.[3] To state a claim for relief, "the complaint

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

1. Adams v. Unione Mediterranea Di Sicurta, 364 F.3d 646, 653 (5th Cir.2004) ("Issues not raised or inadequately briefed on appeal are waived.").

2. See, e.g., McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1224–25 (11th Cir.2002); Thomas M. Cooley Law Sch. v. ABA, 459 F.3d 705, 711 (6th Cir.2006); L'ggrke v. Benkula, 966 F.2d 1346, 1348 (10th Cir.1992).

3. Jebaco, Inc. v. Harrah's Operating Co., Inc., 587 F.3d 314, 318 (5th Cir.2009).

must allege 'more than labels and conclusions' " and " 'factual allegations must be enough to raise a right to relief above the speculative level.' " [4] Moreover, Rule (9)(b) requires that a complaint "state with particularity the circumstances constituting fraud." Put simply, Rule (9)(b) requires the appellant to lay out " 'the who, what, when, where, and how' " of the events constituting fraud. [5]

Murungi's efforts to revive his fraud claims are meritless. His allegations of fraud offered, in the district court's words, "no factual heft." After reviewing the pleadings, we agree that Murungi's allegations plainly fall short of this court's requirement that an appellant lay out " 'the who, what, when, where, and how' " of the events constituting fraud. [6]

Finally, we address Murungi's IIED claims and his FDCPA claim against Texas Guaranteed, upon which the district court granted summary judgment for the defendants. We review a district court's grant of summary judgment de novo. [7] Summary judgment is warranted when " 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.' " [8] An issue of material fact is genuine if a reasonable jury could return a verdict for the non-moving party. [9]

The only IIED claim Murungi raises on appeal concerns the defendants' allegedly abusive phone calls, but he offers no evidence that the callers' actions meet the high bar imposed by Louisiana law to qualify as extreme and outrageous conduct. Because no reasonable jury could find, based on the evidence in the record, that the defendants' conduct was extreme and outrageous, the district court properly granted summary judgment.

Murungi argues that Texas Guaranteed should not qualify for the "government actor" exemption from the FDCPA. The district court did not grant summary judgment against him on this ground. Rather, the district court found that Texas Guaranteed was not a "debt collector" subject to the FDCPA because its actions to collect Murungi's defaulted loan were "incidental" to its "bona fide fiduciary obligation" to the United States government. [10] Giving this pro se plaintiff the benefit of the doubt that this issue is not waived, we address the district court's actual ruling.

We agree with the analysis of the district court, as well as our sister circuits, that a guarantor under the Federal Family Education Loan Program has a fiduciary obligation to the United States government. [11] Because Texas Guaranteed was the guarantor of Murungi's loan long before it attempted to collect from him, Texas Guaranteed's actions to collect that debt were merely incidental to its fiduciary obligation. As such, in the circumstances of this case, Texas Guaranteed is not a debt collector subject to the FDCPA. For the

4. *Id.* (citation omitted).

5. *Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir.2003) (citation omitted).

6. *Id.*

7. *DePree v. Saunders,* 588 F.3d 282, 286 (5th Cir.2009) (citations omitted).

8. *Id.* (quoting Fed.R.Civ.P. 56(c)).

9. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

10. *See* 15 U.S.C. § 1692a(6)(F)(i).

11. *Rowe v. Educ. Credit Mgmt. Corp.,* 559 F.3d 1028, 1034 (9th Cir.2009); *Pelfrey v. Educ. Credit Mgmt. Corp.,* 208 F.3d 945 (11th Cir. 2000) (per curiam), *aff'g* 71 F.Supp.2d 1161 (N.D.Ala.1999).

first time on appeal, Murungi alleges that Texas Guaranteed utilized "third party collectors." Because issues raised for the first time on appeal are waived,[12] we do not address the extent, if any, to which these allegations affect the merit of Murungi's claims.

\*　　\*　　\*

The judgment is AFFIRMED.

---

12. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 n.3 (5th Cir.2007).